THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00317-PAB-MJW

BOXER F2, L.P., a Texas corporation

    Plaintiff,

v.

FLAMINGO WEST, LTD., d/b/a LEGALWIZ PUBLICATIONS; BRONCHICK & ASSOCIATES; WILLIAM BRONCHICK; and BRONCHICK & ASSOCIATES, P.C.

    Defendants.

## STIPULATED PROTECTIVE ORDER (Docket No. 20-1)

Upon consideration of the parties' stipulation for the entry of a protective order to protect the discovery and dissemination of certain information and documents to be disclosed by the parties, which one or more of the parties claims constitutes confidential financial, personal and/or business information, and it appearing to the Court that good cause exists to support the issuance of a Protective Order,

IT IS ORDERED that:

1.    Any party who, in the above-captioned lawsuit (the "Lawsuit"), produces or discloses any document, thing or information in any form (which shall be referred to singularly or collectively as "Discovery Materials") may designate such Discovery Materials as "CONFIDENTIAL" when, in the good faith judgment of the party making the disclosure or production, the Discovery Materials contain financial, personal or business sensitive information, the disclosure of which would be detrimental to the disclosing party. "Discovery Materials"

includes the information both as originally produced and any physical or electronic copies of the information.

2. The designation of Discovery Materials as "CONFIDENTIAL" may be effected by visibly marking it "CONFIDENTIAL." To the extent that it would be impractical to visibly mark Discovery Materials as "CONFIDENTIAL," Discovery Materials may also be so designated in contemporaneous correspondence.

3. The inadvertent disclosure in connection with this Lawsuit of one or more documents that the producing party believes to contain or reflect confidential or proprietary information, shall not constitute a waiver, with respect to such Discovery Materials as long as notice is provided in accordance with this Paragraph. In the event of such an inadvertent disclosure of confidential Discovery Materials, the producing party shall provide written notice within thirty (30) days of the inadvertent disclosure to the other parties directing that all copies of such inadvertently disclosed materials be treated as such consistent with the terms of this Protective Order.

4. A party may move, on reasonable notice, and on grounds other than the inadvertent production of such documents, for an order challenging the designation of such documents as "CONFIDENTIAL."

5. No Discovery Materials marked or designated as "CONFIDENTIAL" may be used by any recipient of such information or disclosed to anyone for any purpose other than in connection with this Lawsuit. No Discovery Materials that have been designated as "CONFIDENTIAL" may be disclosed by the recipient of such information to anyone other than

those persons designated below in paragraph 6, unless and until the restrictions in this Protective Order are removed either by written agreement of the parties or by order of the Court.

6. Discovery Materials designated as "CONFIDENTIAL" may be disclosed only to the parties to this Lawsuit and to the persons specifically listed below:

(a) Counsel who have appeared of record for any party in this case and partners, shareholders, associates, paralegal assistants, clerical staff and secretaries who are regularly employed by such counsel, and are engaged in assisting such counsel with respect to this Lawsuit;

(b) Experts retained by or engaged to consult by the parties or counsel, but who are not otherwise regularly employed by or affiliated with the parties, and any such expert's regularly employed assistants, clerical staff and secretaries who are engaged in assisting such expert with respect to this Lawsuit;

(c) Persons shown on the face of the document to have authored or received the document;

(d) Any person whom the parties agree, in advance and in writing, may receive such discovery materials; and

(e) The Court, its officers and its employees in connection with this Lawsuit only (subject to the requirement for filing the designated documents under Level 1 restriction as set forth below in paragraph 12).

7. No party to this action and no person authorized under paragraph 6(b) or 6(d) of this Protective Order to receive access to "CONFIDENTIAL" Discovery Materials shall be granted such access until such person has received a copy of this Protective Order and agrees in

writing to be bound by it by signing a copy of the agreement attached as **Exhibit A** to this Protective Order. The original of each such written agreement shall be maintained by counsel for the party that seeks to disclose "CONFIDENTIAL" Discovery Materials. Further, each recipient of "CONFIDENTIAL" Discovery Materials shall not make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this Lawsuit and solely for the purposes of this Lawsuit.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL Discovery Materials, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. This Protective Order does not prohibit a party from disclosing Discovery Materials independently obtained from non-confidential sources or sources that do not designate the information as "CONFIDENTIAL" (unless such sources owe an obligation of confidentiality to the party asserting that the Discovery Materials are confidential).

10. Any party receiving any Discovery Materials that have been designated as "CONFIDENTIAL" may object in writing to such designation. If such objection cannot be resolved by agreement, the objecting party may file a motion with the Court to determine the validity of the designation. The Discovery Materials which are the subject of such motion shall be treated in accordance with the designated "CONFIDENTIAL" status pending the Court's

decision on the motion. In all motions to modify a designation, the party propounding the designation shall bear the burden of justifying the particular designation made.

11. Counsel for each party shall take reasonable and necessary precautions to prevent the unauthorized or inadvertent disclosure of any "CONFIDENTIAL" Discovery Materials, and shall be responsible for insuring that each of his or her regularly employed partners, associates, paralegal assistants, clerical staff and secretaries who are assisting in this Lawsuit and the proposed recipients of Discovery Materials are informed of the terms of this Protective Order and their obligations under it.

12. Any Discovery Materials designated under this Protective Order as "CONFIDENTIAL" that are filed with the Court for any purpose, including for use as exhibits at trial, shall be filed electronically in the Court's Case Management/Electronic Case Filing System ("CM/ECF") and the CONFIDENTIAL Discovery Material shall be filed as Level 1 Restricted documents pursuant to D.C.COLO.LCivR 7.2.

13. The Court, its staff, the parties, and counsel for the parties shall have access to any CONFIDENTIAL Discovery Material submitted as a Level 1 Restricted document in connection with this Lawsuit. To the extent practicable, "CONFIDENTIAL" Discovery Materials shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may freely be disseminated.

14. This Protective Order shall not be deemed to prejudice in any way the rights of any party to insist on, and/or apply to the Court for, any additional protection with respect to the confidentiality of information as that party may consider appropriate.

15. Neither the taking of any action in accordance with the provisions of this Protective Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this Lawsuit.

16. This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Protective Order be deemed or construed as a waiver of the attorney/client, work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any permissible grounds. Further, nothing in this Protective Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

17. Neither this Protective Order nor a party's designation of particular Discovery Materials as "CONFIDENTIAL" shall be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any Discovery Materials covered by this Protective Order.

18. This Protective Order shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of all parties to this action. Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force and effect after the termination of this Lawsuit. Nothing in this Protective Order shall limit or preclude any party from applying to the Court for relief from this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

19. If any person receiving Discovery Materials that are subject to this Order (the "Receiving Party") is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking production of "CONFIDENTIAL" Discovery Materials, the Receiving Party shall give written notice, by U.S. mail and/or electronic mail to the undersigned counsel for the party that produced the "CONFIDENTIAL" Discovery Materials. To the extent permitted by applicable law, the Receiving Party shall not produce any of the producing party's "CONFIDENTIAL" Discovery Materials for a period of at least fourteen days after providing the required notice to the producing party. If, within fourteen days of receiving such notice, the producing party provides written notice to the Receiving Party that it opposes production of its "CONFIDENTIAL" Discovery Materials, the Receiving Party shall not thereafter produce such "CONFIDENTIAL" discovery materials except pursuant to a court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process. The producing party shall be solely responsible for asserting any objection to the requested production. The Receiving Party shall provide a copy of this Order to the Third-Party requesting production of "CONFIDENTIAL" discovery materials. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any such order requiring production of "CONFIDENTIAL" discovery materials covered by this Order, or to

subject itself to any penalties for noncompliance with any such order, or to seek any relief from a court.

20. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Protective Order had already been entered as an order by the Court.

Dated this 10TH day of April 2014.

BY THE COURT:

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

Agreed to by:

*s/ Adrienne Toon*
Adrienne Toon, Esq.
MONTGOMERY LITTLE & SORAN, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
atoon@montgomerylittle.com

*s/ John W. Headrick*
John W. Headrick, Esq.
720 N. Post Oak Road, Suite 500
Houston, Texas 77024
Telephone: (713) 777-7368
**Attorneys for Plaintiff**

*s/ William Bronchick*
William Bronchick, Esq.
Bronchick & Associates, P.C.
3033 S. Parker Road, Suite 360
Aurora, Colorado 80014
Telephone: (303) 398-7032
**Attorney for Defendants**

# EXHIBIT "A"

The undersigned _____ (print or type name of person) hereby acknowledges that: 1) he or she received a copy of the Stipulated Protective Order entered into in the case styled *Boxer F2, L.P., v. Flamingo West, Ltd., d/b/a Legalwiz Publications, et al.*, Civil Action No. 14-cv-00317-PAB-MJW; and 2) he or she has read the Stipulated Protective Order and agrees to be bound by all the provisions thereof, and hereby submits to the jurisdiction of the United States District Court for the District of Colordo for the purpose of enforcement of the terms of the Stipulated Protective Order and the punishment of violations thereof.

Dated: _____

_____
[Signature]

_____
[Address]