IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00317-PAB-MJW

BOXER F2, L.P., a Texas limited partnership,

Plaintiff,

v.

FLAMINGO WEST, LTD., d/b/a LEGALWIZ PUBLICATIONS,
BRONCHICK & ASSOCIATES,
WILLIAM BRONCHICK, and
BRONCHICK & ASSOCIATES, P.C.,

Defendants.

# ORDER
## on

## PLAINTIFF'S
## MOTION TO STRIKE DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT AND FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 37(b)(2)
### (Docket No. 67)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

On October 1, 2014, Plaintiff moved for leave to file a second amended complaint, with a certificate of conferral stating that Defendants opposed the motion. (Docket No. 62.) Defendants never filed any response, however, and the Court therefore granted the motion. (Docket No. 64.) The Second Amended Complaint was filed on October 28, 2014. (Docket No. 65.) Defendants' responses were due by November 14, 2014, *see* Fed.R.Civ.P. 15(a)(3) & 6(d), but were not filed until November 25, 2014. (Docket No. 66.)

Also, in July 2014, Plaintiff filed a motion to compel discovery responses. (Docket No. 40.) Following briefing (Docket Nos. 40, 43, 48, 55 & 58) and a hearing (Docket Nos. 59, 82), the Court granted Plaintiff's motion and ordered Defendants to produce the discovery at issue on or before September 19, 2014 (Docket No. 59).

Plaintiff now moves the Court to strike Defendants' operative Answer (Docket No. 66) on two grounds: first, because the answer was untimely; and second, because Defendants have not complied with the Court's order compelling discovery.

The Court has reviewed the parties' filings (Docket Nos. 67, 79, 80 & 81), taken judicial notice of the court's file in this case, and reviewed the relevant Federal Rules of Civil Procedure, statutes, and case law. Now being fully informed, the Court makes the following findings of fact, conclusions of law, and order.

## **BACKGROUND**

This is a breach of contract case based on a lease agreement. At the time of Plaintiff's motion to compel discovery, the operative complaint was the First Amended Complaint (Docket No. 14). The First Amended Complaint alleged that:

- The individual Defendant, William Bronchick, executed a lease agreement on behalf of two entities he controls, Defendants Flamingo West and Bronchick & Associates (*id.* ¶ 28);

- Beginning in April 2012, Defendants fell behind on the lease (*id.* ¶ 37); and

- Defendants abandoned the premises without curing their breach of the lease agreement (*id.* ¶¶ 38–43).

The First Amended Complaint asserted only breach-of-lease claims. (*Id.* ¶¶ 49–72.) Early in this case, Defendants William Bronchick, Bronchick & Associates, and

3

Bronchick & Associates P.C. (the "Bronchick Defendants")[1] moved for summary judgment, arguing that only Defendant Flamingo West Ltd. was a party to the lease and that no other basis for liability could be proven.[2] (Docket No. 39.) This motion was later withdrawn. (Docket Nos. 73 & 74.)

Against this background, Plaintiff filed its initial motion to compel discovery. (Docket No. 40.) Plaintiff's written discovery, dated May 30, 2014, included:

- 15 interrogatories and 16 production requests to Defendant Flamingo West Ltd.;

- 15 interrogatories and 16 production requests to Defendant Bronchick & Associates;

- 14 interrogatories and 16 production requests to Defendant Bronchick & Associates P.C.; and

- 10 interrogatories and 10 production requests to individual Defendant Bronchick.

(Docket Nos. 40-1 & 40-2.) Defendants provided responses on July 2, 2014. (Docket Nos. 40-7 & 40-8.) In response to the discovery served on Defendant Bronchick & Associates, Defendants asserted that the entity did not exist and therefore could not respond. (*Id.*) As to the 81 discovery requests served on the other three defendants

---

[1] At present, "Bronchick & Associates" is a separate named Defendant in this case, on Plaintiff's theory that it is an unincorporated entity. (*See* Docket No. 82, at 15.) Defendants maintain that it never existed. According to Defendants, Defendant Flamingo West Ltd. used that name as a trade name for a brief time, and shortly thereafter, individual Defendant Bronchick's law firm changed its name to Bronchick & Associates P.C. (*See id.* at 10–13.)

[2] Defendants included in briefing this motion at least two exhibits of documents not previously disclosed to Plaintiff. Although the Court denied Plaintiff's motion to strike those exhibits (Docket No. 52), Defendants' conduct in this regard remains relevant and indicates a pattern of bad faith.

(Bronchick individually, Bronchick & Associates P.C., and Flamingo West Ltd.), Plaintiff found 22 of Defendants' responses unsatisfactory. (Docket No. 40, ¶ 1.)

The Court held a hearing on Plaintiff's motion to compel. (Docket Nos. 54, 59, & 82.) At that hearing, Defendants argued that the discovery at issue could be broken down into two categories: (1) all records from Defendants Bronchick & Associates and Bronchick & Associates P.C.; and (2) financial records from Flamingo West Ltd. (Docket No. 82, at 6.) As to both categories, Defendants argued that the requested financial records were irrelevant because no claim of fraudulent transfer or of piercing the corporate veil were at issue in the case. (*Id.* at 7–9.) As to the Bronchick & Associates requests, Defendants argued also that Bronchick & Associates never existed and therefore had no records to produce. (*Id.* at 7–8, 14.) Finding that the confusion as to business entities warranted further discovery, and that the financial information was relevant to the subject matter of the case, the Court granted Plaintiff's motion in full. (*Id.* at 16–19.)

Shortly thereafter, Plaintiff filed the Second Amended Complaint. (Docket No. 65.) The Second Amended Complaint repeats the same basic factual narrative as the First Amended Complaint. (*See id.* ¶¶28–48.) But under the breach-of-contract claims for relief, it adds factual and legal allegations for an "alter ego" theory to pierce Defendant Flamingo West Ltd's corporate veil. (*Id.* ¶¶ 54–56.) It also adds an unjust enrichment/quantum meruit claim against Defendant Bronchick & Associates P.C. (*id.* ¶¶ 66–74), and a Uniform Fraudulent Transfer Act claim against individual Defendant Bronchick for receiving actually and constructively fraudulent transfers from Flamingo West Ltd. (*id.* ¶¶ 75–86).

## **DEFENDANTS' DISCOVERY RESPONSES**

Plaintiff now moves for sanctions, arguing that Defendants have not produced discovery responses in compliance with the Court's order compelling discovery. Specifically, the following 14 discovery requests remain at issue.

### *Interrogatory 5 to individual Defendant Bronchick*

This request asks:

> Interrogatory No. 5: Identify all assets and/or Property assigned, conveyed, sold, and/or otherwise transferred to William Bronchick from April 2003 to present.

(Doc. 40-1, p. 17.)  Defendants' July response to this interrogatory was:

> Objection in that financial information of WILLIAM BRONCHICK is not a relevant issue in the case and thus any request for production of documents pertaining thereto are improper in that it will not lead to any discoverable information that is relevant to the Plaintiff's case.

(Docket No. 40-7, p. 20.)  Plaintiff has since narrowed the request to assets transferred or conveyed to individual Defendant Bronchick from business entities controlled by him. (*See* Docket No. 55-5, p. 1; Docket No. 40-7, p. 19.)  Following the Court's order compelling discovery, Defendants' response to this interrogatory was:

> ANSWER: None.

(Docket No. 67-1, p. 1.)

### *Production Requests 2 & 3 individual Defendant Bronchick*

These requests ask:

> Request for Production No. 2: Any and all Documents and Electronic Records, excluding tax returns, evidencing Your employment from April 2003 to the present.
>
> Request for Production No. 3: Any and all Documents and Electronic Records Pertaining to any assets and/or property acquired by William

Bronchick and all assets and/or property assigned, conveyed, sold and/or otherwise transferred to William Bronchick from April 2003 to present.

(Doc. 40-2, p. 16.) Defendants' July responses to these production requests were:

[No. 2:] Objection, not specific enough. What specific documents is Plaintiff requesting?

[No. 3:] Objection in that financial information of William Bronchick is not a relevant issue in the case and thus any request for production of documents pertaining thereto are improper in that it will not lead to any discoverable information that is relevant to the Plaintiff's case.

(Docket No. 40-8, p. 4.) Plaintiff has since narrowed the request to assets transferred or conveyed to individual Defendant Bronchick from business entities controlled by him. (*See* Docket No. 55-5, p. 1; Docket No. 40-7, p. 19.) Following the Court's order compelling discovery, Defendants' responses to these production requests were:

[No. 2:] ANSWER: None.

[No. 3:] ANSWER: None.

(Docket No. 67-1, p. 13.) A few days later, Defendants provided a supplemental response with accounting records showing, apparently, payments to individual Defendant Bronchick totaling $23,500 from Defendant Flamingo West Ltd. (from 2009 through 2013) and $48,447.72 from Defendant Bronchick & Associates P.C. (from 2013 to 2014). (Docket No. 62-13.)

***Interrogatories 7 & 8 to Defendant Bronchick & Associates P.C.***

These requests ask:

Interrogatory No. 7: Identify all accounts maintained with a bank, credit union, or other financial depository by Bronchick & Associates, P.C. from April 2003 to present.

Interrogatory No. 8: Identify all assets and/or Property acquired by Bronchick & Associates, P.C. and all assets and/or Property assigned,

conveyed, sold, and/or otherwise transferred to Bronchick & Associates, P.C. from April 2003 to present.

(Doc. 40-1, p. 26.)  Defendants' July responses to these interrogatories were:

[No. 7:] Objection, financial information of BRONCHICK are not a relevant issue in the case and thus any request for information pertaining there are improper in that it will not lead to any discoverable information that is relevant to the Plaintiff's case.

[No. 8:] Objection, unduly burdensome and that assets of BRONCHICK are not a relevant issue in the case and thus any request for information pertaining there are improper in that it will not lead to any discoverable information that is relevant to the Plaintiff's case.

(Doc. 40-7, p. 7.)  Plaintiff has since narrowed interrogatory 8 to assets transferred or conveyed to Defendant Bronchick & Associates P.C. from business entities controlled by individual Defendant Bronchick.  (*See* Docket No. 55-5, p. 1; Docket No. 40-7, p. 19.)  Following the Court's order compelling discovery, Defendants provided no response whatsoever to these interrogatories.  (*See* Docket No. 67-1, p. 5.)

### ***Production Requests 2, 4 & 6 to Defendant Bronchick & Associates P.C.***

These requests ask:

Request for Production No. 2: Any and all Documents and Electronic Records Pertaining to the management of Bronchick & Associates, P.C., including without limitation, certificates of formation, articles of incorporation, amendments, bylaws, shareholder agreements, membership agreements, partnership agreements, stock certificates, periodic reports, IRS tax filings, state tax filings, and filings with the Secretary of State of Colorado.

Request for Production No. 4: Any and all Documents and Electronic Records Pertaining to any accounts maintained by Bronchick & Associates, P.C. with a bank, credit union, or other financial depository from April 2003 to present, and any and all Documents and Electronic Records Pertaining to any such accounts wherein any income generated by Bronchick & Associates, P.C. was or is held from April 2003 to present.

> Request for Production No. 6: Any and all Documents and Electronic
> Records Pertaining to any assets and/or property belonging to Bronchick
> & Associates, P.C. that were assigned, conveyed, sold and/or otherwise
> transferred from or by Bronchick & Associates, P.C. from April 2003 to
> present.

(Doc. 40-2, p. 26–27.) Defendants' July responses to these production requests were:

> [No. 2:] BRONCHICK, PC will provide articles of incorporation and by
> laws. Stock certificates of shareholders are not in the possession or
> control of BRONCHICK, OC. [sic]
>
> Objection as to IRS and State tax filings in that financial information of
> BRONCHICK is not a relevant issue in the case and thus any request for
> production of documents pertaining thereto are improper in that it will not
> lead to any discoverable information that is relevant to the Plaintiff's case.
>
> Objection as to filings with the Secretary of State of Colorado, in that these
> records are publicly available through their website.
>
> [No. 4:] Objection in that financial information of BRONCHICK, PC is not a
> relevant issue in this case and thus any request for production of
> documents pertaining thereto are improper in that it will not lead to any
> discoverable information that is relevant to the Plaintiff's case.
>
> [No. 6:] Objection, unduly burdensome and that assets of BRONCHICK,
> PC are not a relevant issue in the case and thus any request for
> production of documents pertaining thereto are improper in that it will not
> lead to any discoverable information that is relevant to the Plaintiff's case.

(Docket No. 40-8, p. 11–12.) Plaintiff has since narrowed production request 4 to

profit/loss statements, balance sheets, and the like. (*See* Docket No. 55-5, p. 2.)

Plaintiff has also narrowed production request 6 to assets transferred or conveyed from

Defendant Bronchick & Associates P.C. to business entities controlled by individual

Defendant Bronchick. (*See* Docket No. 55-5, p. 1; Docket No. 40-7, p. 19.) Following

the Court's order compelling discovery, Defendants' responses to these production

requests were:

> [No. 2:] ANSWER: Enclosed are employer documents from 2011-2013.

>[No. 4:] ANSWER: None.
>
>[No. 6:] ANSWER: None.

(Docket No. 67-1, p. 15–16.)

### *Interrogatories 9 & 10 to individual Defendant Flamingo West Ltd.*

>These requests ask:
>
>Interrogatory No. 9: Identify all assets and/or property belonging to Flamingo West that were assigned, conveyed, sold and/or otherwise transferred from or by Flamingo West from April 2003 to present.
>
>Interrogatory No. 10: Identify any and all outstanding financial obligations or debts owed by Flamingo West from April 2003 to present, including any collateral or Property used to secure such obligation or debt, and state whether each debt or obligation has been paid or satisfied.

(Doc. 40-1, p. 36–37.)  Defendants' July response to these interrogatories were:

>[No. 9:] Objection in that assets of FLAMINGO are not a relevant issue in the case and thus any request for production of documents pertaining there are improper in that it will not lead to any discoverable information that is relevant to the Plaintiff's case.  FLAMINGO further objects in that listing all assets or property acquired or conveyed over 11 years is unduly burdensome.
>
>[No. 10:] Objection in that financial obligations of FLAMINGO are not a relevant issue in the case and thus any request for production of documents pertaining there are improper in that it will not lead to any discoverable information that is relevant to the Plaintiff's case.

(Docket No. 40-7, p. 29–30.)  Plaintiff has since narrowed the request to assets transferred or conveyed from Flamingo West to business entities controlled by individual Defendant Bronchick.  (*See* Docket No. 55-5, p. 1; Docket No. 40-7, p. 19.)  Following the Court's order compelling discovery, Defendants' response to this interrogatory was:

>[No. 9:] ANSWER:   None.
>
>[No. 10:] ANSWER: Chase Line of Credit        $ 34,300.00
>                                 W & C Bronchick             $160,902.00
>                                 First Bank LOC               $ 24,900.00

10

(Docket No. 67-1, p. 3–4.)

***Production Requests 2, 4 6 & 7 to Defendant Flamingo West Ltd.***

These requests ask:

Request for Production No. 2: Any and all Documents and Electronic Records Pertaining to the management of Flamingo West, including without limitation, certificates of formation, articles of incorporation, amendments, bylaws, shareholder agreements, membership agreements, partnership agreements, stock certificates, periodic reports, IRS tax filings, state tax filings, and filings with the secretary of state of Colorado.

Request for Production No. 4: Any and all Documents and Electronic Records Pertaining to any accounts maintained by Flamingo West with a bank, credit union, or other financial depository from April 2003 to present, and any and all Documents and Electronic Records Pertaining to any such accounts wherein any income generated by Flamingo West was or is held from April 2003 to present.

Request for Production No. 6: Any and all Documents and Electronic Records Pertaining to any assets and/or property belonging to Flamingo West that were assigned, conveyed, sold and/or otherwise transferred from or by Flamingo West from April 2003 to present.

Request for Production No. 7: Any and all Documents and Electronic Records evidencing any debt or financial obligation owed by Flamingo West from April 2003 to present and all Documents and Electronic Records evidencing payment or satisfaction of such financial obligations.

(Doc. 40-2, p. 36–37.) Defendants' July responses to these production requests were:

[No. 2:] FLAMINGO will provide articles of incorporation and by laws. Stock certificates of shareholders are not in the possession or control of FLAMINGO.

Objection as to IRS and State tax filings in that financial information of FLAMINGO is not a relevant issue in the case and thus any request for production of documents pertaining thereto are improper in that it will not lead to any discoverable information that is relevant to the Plaintiff's case.

Objection as to filings with the Secretary of State of Colorado, in that these records are publicly available through their website.

[No. 4:] Objection in that financial information of FLAMINGO is not a relevant issue in the case and thus any request for production of

> documents pertaining thereto are improper in that it will not lead to any discoverable information that is relevant to the Plaintiff's case.
>
> [No. 6:] Objection in that assets of FLAMINGO are not a relevant issue in the case and thus any request for production of documents pertaining thereto are improper in that it will not lead to any discoverable information that is relevant to the Plaintiff's case.
>
> [No. 7:] Objection in that financial obligations of FLAMINGO are not a relevant issue in the case and thus any request for production of documents pertaining thereto are improper in that it will not lead to any discoverable information that is relevant to the Plaintiff's case.

(Docket No. 40-8, p. 23–25.) Plaintiff has since narrowed production request 4 to profit/loss statements, balance sheets, and the like. (*See* Docket No. 55-5, p. 4.) Plaintiff has also narrowed production request 6 to assets transferred or conveyed from Defendant Flamingo West Ltd. to business entities controlled by individual Defendant Bronchick. (*See* Docket No. 55-5, p. 1; Docket No. 40-7, p. 19.) Following the Court's order compelling discovery, Defendants provided no response whatsoever to product request 2. (*See* Docket No. 67-1, p. 11.) Defendants' responses to the other three production requests were:

> [No. 4:] ANSWER: None.
>
> [No. 6:] ANSWER: None.
>
> [No. 7:] ANSWER: Defendant Flamingo West, Ltd is unable to obtain loan documents at this time, but has requested the same and will forward to Plaintiff upon receipt.

(Docket No. 67-1, p. 11–12.)

## **SANCTIONS**

The Court finds that Defendants—all Defendants—have conducted themselves in bad faith and have intentionally failed to honor their discovery obligations under the Federal Rules of Civil Procedure. As a result, the Court will impose sanctions.

12

Plaintiff's proposed sanction is to strike Defendants' operative pleading, both as a discovery sanction and also as a sanction for Defendants' sustained failure to meet deadlines in this litigation. Although Plaintiff's request is well-founded, the Court finds that striking Defendants' Answer and thus effectively entering default judgment is an excessive penalty. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–22 (10th Cir. 1992) (listing and applying factors to be used in discovery sanctions). Although Defendants have offered no reason or excuse for their tardiness, the delay has not been interminable and has not prejudiced Plaintiff's case to a degree that would warrant such an extreme sanction.

Defendants' flagrant disregard of the Court's order compelling discovery is another matter. In briefing on the subject motion for sanctions, Defendants offer only frivolous arguments in defense of their failure to provide discovery. Defendants offered no explanation at all for their total failure to respond to three of the discovery requests; further, Defendants offered no specific explanation for most of their responses, instead arguing two or three generally applicable points. Unfortunately, those generally applicable points are patently invalid. For example, Defendants all argue that records reflecting employment compensation paid to individual Defendant Bronchick were not responsive because such compensation was "paid," rather than "transferred" or "conveyed." (Docket No. 79, p. 4; Docket No. 80, p. 5.) Defendants' argument is not only a cheap semantic game, but is also flatly contrary to the definition of "transfer" under the Colorado Uniform Fraudulent Transfer Act. *See* C.R.S. § 38-8-102(13). As another example, the Bronchick Defendants argue:

13

> Each of the discovery requests about which Plaintiff complains is directed to its allegations of successor liability, fraudulent transfer and veil piercing. The Bronchick Defendants do not have any information responsive to these requests because the Defendants are not successors to one another, are no alter egos of one another, and have not fraudulently transferred any assets among one another. . . . Plaintiff's refusal to accept the illegitimacy of its claims against the Bronchick Defendants does not mean there has been a discovery violation . . . .

(Docket No. 80, p.7.) Defendants cannot avoid their discovery obligations by simply declaring Plaintiff's claims meritless. Defendants have failed to produce a variety of documents that they cannot plausibly claim do not exist; the fact that Defendants disagree with Plaintiff's legal theories does not justify this failure.

In choosing an appropriate sanction,

> a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the [opposing party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant, (4) whether the court warned the party in advance . . .; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (internal citations and quotation marks omitted). Defendants' conduct has greatly prejudiced Plaintiff's ability to meaningfully develop this case for trial, has caused amendments to the scheduling order, and has come without any valid justification. Applying these factors, the Court concludes that the appropriate sanction is for the Court will draw adverse inferences, taken as established facts under Fed.R.Civ.P. 37(b)(2)(A)(i). More specifically: because Defendants' conduct is plainly directed toward frustrating any liability for the Bronchick Defendants if Plaintiff prevails on its breach-of-lease claim against Flamingo West Ltd., the Court will take as established fact each of the facts in Plaintiff's complaint aimed at imposing successor, transferee, or alter ego liability on the Bronchick Defendants. That said, Defendants will

14

be given one last chance to honor their discovery obligations before the sanction is imposed.

## **ORDER**

**WHEREFORE**, the Court hereby ORDERS that:

- Plaintiff's Motion to Strike Defendants' Answer to the Second Amended Complaint and for Sanctions Pursuant to Fed.R.Civ.P. 37(b)(2) is GRANTED IN PART and DENIED IN PART;

- Defendants SHALL PRODUCE, within 14 days of the date of this order:

    - A complete copy of each named Defendants' accounting records, in native electronic format as stored by Defendants' accounting software (which records shall be deemed to satisfy interrogatory 5 and production requests 2 and 3 to individual Defendant Bronchick; interrogatories 7 and 8 and production requests 4 and 6 to Defendant Bronchick & Associates P.C.; and interrogatories 9 and 10 and production requests 4 and 6 to Defendant Flamingo West Ltd.); and

    - Responses to production requests 2 and 7 to Defendant Flamingo West Ltd., as propounded by Plaintiff.

- Should Defendants fail to comply with this Order, Plaintiff is GRANTED LEAVE to renew its motion for sanctions, requesting that the Court enter findings of fact under Fed.R.Civ.P. 37(b)(2)(A)(i) reflecting the well-pleaded factual allegations of paragraphs 55, 62, 74, 79, 80, 81, 82, and 83 of the Second Amended Complaint (Docket No. 65).

- It is further ORDERED that Defendants shall pay Plaintiff's attorneys' reasonable and necessary fees as to Plaintiff's motion for sanctions (Docket No. 67).  The parties shall forthwith meet and confer to see if they can agree upon the attorneys' fees.  If the parties can agree, then they shall file their stipulation concerning attorneys' fees with the Court on or before February 20, 2015.  If they parties cannot agree, then Plaintiff shall file its itemized affidavit for attorneys' fees with the Court on or before February 20, 2015, with briefing to follow pursuant to D.C.Colo.LCivR 7.1(d).

Dated: February 11, 2015  /s/ Michael J. Watanabe
Denver, Colorado  Michael J. Watanabe
United States Magistrate Judge