IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00317-PAB-MJW

BOXER F2, L.P., a Texas limited partnership,

Plaintiff,

v.

FLAMINGO WEST, LTD., d/b/a LEGALWIZ PUBLICATIONS,
BRONCHICK & ASSOCIATES,
WILLIAM BRONCHICK, and
BRONCHICK & ASSOCIATES, P.C.,

Defendants.

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
PURSUANT TO THE COURT'S ORDER DATED MAY 4, 2015
(Docket No. 133)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

The Court granted Plaintiff's motion for discovery sanctions and awarded attorneys' fees and costs, on May 4, 2015. (Docket No. 130.) The parties have been unable to agree on the fees and costs to be awarded, and the matter is now before the Court on Plaintiff's motion to set the amount. (Docket Nos. 133 & 134.) The Court has considered the parties' filings (Docket Nos. 133 & 137), taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law. Now being fully informed, the Court makes the following order.

2

The Court finds the following dates to be relevant to the analysis:

- 2/11/2015: Second Court order compelling discovery
- 2/25/2015: Defendant provides native files
- 3/02/2015: Plaintiff's renewed motion for sanctions
- 3/16/2015: Defendants' responses to plaintiff's renewed motion
- 3/23/2015: Plaintiff purchases QuickBooks Enterprise software
- 3/24/2015: Defendants provide partially functioning username and password
- 3/30/2015: Plaintiff's reply to Defendants' responses
- 4/10/2015: Court orders Defendants to make records available on premises
- 4/23/2015: Plaintiff inspects Defendants records on premises
- 4/29/2015: Court hearing on renewed motion
- 4/30/2015: Defendants' final production of documents
- 5/04/2015: Court grants sanctions

In the Court's order granting Plaintiff's renewed motion, the Court concluded that "Plaintiff should have purchased QuickBooks Enterprise and attempted to open the files prior to filing its renewed motion for sanctions." (Docket No. 130, p.6.) The Court awarded sanctions nonetheless, based on Defendants' continued intransigence in failing to provide sufficient password access (going so far as to deny access to virtually all Flamingo West records until after the April 29th evidentiary hearing). But nonetheless, the Court believes Plaintiff was too quick to renew the motion. As a result, the Court will decline to award attorneys' fees incurred between February 11, 2015, and March 23, 2015.

Past that, Defendants' arguments are all untenable. Defendants' primary argument is that they should be liable for no more than ten hours of Plaintiff's attorneys' time because, Defendants say, they complied with the Court's discovery orders by tendering native files on February 25, 2015, they provided all relevant password access on March 26, 2015, and all Defendants other than Flamingo West Ltd. were in

compliance no later than April 23, 2015. All of these arguments go to the merits of the underlying sanction order—and the Court will not revisit its determinations now. Defendants have raised these arguments in their objections to Judge Brimmer, and if Judge Brimmer overrules the award of sanctions, he will also make a decision at that time as to whether the award of attorneys' fees should be modified or vacated.

Further, while it is true that only Flamingo West Ltd. remained noncompliant past April 23, 2015, sanctions would nonetheless be appropriate against the other Defendants for failing to be compliant up until that point. Moreover, the Court will not differentiate between Defendants, as all records for all entities are under the common control of William Bronchick. The sanctions are imposed jointly and severally against all Defendants.[1]

As to Defendants' remaining arguments:

- Defendants argue that Plaintiff's renewed motion was not complex and did not require the time it took to be filed—but this point is moot, since the motion was filed before March 23, 2015, and the Court declines to award attorneys' fees for that time frame.

- Defendants argue that a third attorney did not need to be present at the evidentiary hearing. But Plaintiff has not claimed attorneys' fees for any third attorney, so this point is moot.

- Defendants argue that, as to the Bronchick Defendants, all records were accessible by Plaintiff by March 26, 2015. This is contrary to the Court's finding that the password permissions were changed at some point prior to April 23, 2015 (Docket No. 130, p.3), and is also irrelevant as the Court will not differentiate between the conduct of the Bronchick Defendants and the conduct of Flamingo West Ltd.

- Defendants argue that the attorneys' fees are duplicative of the expert witness fees. This argument makes no sense and is summarily rejected.

---

[1] The Court hereby expressly imposes the sanction against Defendants and *not* against the attorney representing the Bronchick Defendants, Richard Strauss.

4

- Finally, Defendants argue that Expert Witness Robert Aucone's time should not be taxed to them because he did not review all of Defendants' records in their entirety. The relevance of this point is not clear, and the argument is thus rejected.

Defendants make no further arguments as to the reasonableness of Plaintiff's claimed fees. *See generally In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 625 F.Supp.2d 1143, 1148 (D. Colo. 2009) (listing *Johnson* factors for reasonableness). The Court has independently reviewed the fees and finds them reasonable on their face. The Court therefore awards Plaintiff its fees and costs incurred in this discovery dispute from March 23, 2015, through May 4, 2015.

Plaintiff's bill of costs and fees, broken out by item, shows:

| | Hours Before March 23rd | Hours March 23rd & Later | Rate | Total Claimed | Total March 23rd & Later |
|---|---|---|---|---|---|
| Expert Fees for Craig Spillman | 0.6 | 19.8 | $130.00 | $2,652.00 | $2,574.00 |
| Expert Fees for Robert Aucone | 0 | 8.4 | $325.00/ $350.00 | $2,805.00 | $2,805.00 |
| Attorney Fees for Adrienne Toon | 16.5 | 43.4 | $185.00 | $11,081.50 | $8,029.00 |
| Attorney Fees for Christopher Taravella | 2.3 | 30.4 | $250.00 | $8,175.00 | $7,600.00 |
| Law Clerk Fees for Chris Carry | 1 | 0 | $85.00 | $85.00 | $0.00 |
| Paralegal fees for Deborah Harant | 1 | 11.4 | $90.00 | $1,116.00 | $1,026.00 |
| Purchase of QuickBooks Enterprise | | | | $982.08 | $982.08 |
| Airfare for Plaintiff's Representative to Attend Hearing | | | | $581.70 | $581.70 |
| | | | | | |
| Total | | | | $27,478.28 | $23,597.78 |

5

## ORDER

It is hereby **ORDERED** that, in satisfaction of the Court's May 4, 2015, award of attorneys' fees, costs, and expert-witness fees (Docket No. 130, p.9), Plaintiff Boxer F2, L.P.'s Motion for Attorneys' Fees and Costs **(Docket No. 133)** is **GRANTED IN PART and DENIED IN PART** for the reasons set forth in the body of this Order, and Plaintiff is awarded $23,597.78 to be taxed jointly and severally against all Defendants. Defendants shall pay to Plaintiff $23,597.78 on or before July 10, 2015.

Dated:   June 11, 2015              */s/ Michael J. Watanabe*
         Denver, Colorado           Michael J. Watanabe
                                    United States Magistrate Judge