IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00317-PAB-MJW

BOXER F2, L.P., a Texas limited partnership,

    Plaintiff,

v.

FLAMINGO WEST, LTD., d/b/a Legalwiz Publications,
BRONCHICK & ASSOCIATES,
WILLIAM BRONCHICK, and
BRONCHICK & ASSOCIATES, P.C.,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Motion in Limine to Dismiss Plaintiff's Fourth Claim for Relief [Docket No. 179] filed by defendants William Bronchick and Bronchick & Associates, P.C. ("Bronchick PC").

Defendants seek an order excluding evidence and testimony bearing on alleged fraudulent transfers between Flamingo West, Ltd. ("Flamingo West") and Caroline Bronchick and alleged fraudulent transfers between the Colorado Association of Real Estate Investors, LLC ("CAREI") and Paul Pedri. *Id.* at 1. Defendants also ask the Court to dismiss plaintiff's fourth claim for relief. *Id.*

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401; *Bitler v. A.O. Smith*

*Corp,* 400 F.3d 1227, 1234 (10th Cir. 2004).  Relevant evidence is generally admissible, unless otherwise provided.  Fed. R. Evid. 402.

Under Colorado law,

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
>> (I) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>>
>> (II) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they came due.

Colo. Rev. Stat. § 38-8-105(1).

To support its fraudulent transfer claims, plaintiff points to the sale or transfer of assets from Flamingo West to Mr. Bronchick's wife.  Docket No. 187 at 3, ¶ 9.  Plaintiff also identifies asset sales from CAREI to Paul Pedri, that Flamingo West is the sole member of CAREI, and that CAREI is a Colorado limited liability company organized by Defendant William Bronchick.  *See id.* at 3-4, ¶¶ 9-15.  Boxer claims that the sale of three residential properties owned by Flamingo West to Ms. Bronchick resulted in a drop in value of Flamingo's assets.  Docket No. 187 at 3, ¶ 9.  Flamingo West, by contrast, claims that its sharp decline in gross income from 2012 to 2013 was due to its sale of assets to CAREI.  *Id.* at 3, ¶ 10.  Boxer has shown the relevance of information relating to alleged transfers between Flamingo West and Mr. Bronchick's wife, and the

alleged transfers between CAREI and Paul Pedri, to its claims against William Bronchick and Bronchick PC. Defendants' motion *in limine* is thus denied.[1]

Defendants' motion to dismiss Boxer's fourth claim for relief is denied for two reasons. First, motions to dismiss were due on March 20, 2015; thus, it is untimely. Docket No. 85; *see* Docket No. 81-1 at 12. Second, even if the Court reached the merits, plaintiff has standing to assert its fourth claim of relief against Flamingo West and Mr. Bronchick for fraudulent transfers. The facts already established by the magistrate judge's sanction order are adequate to give Boxer standing to assert its fourth claim for relief. In particular, it has already been established that "Flamingo West made fraudulent transfers to at least one transferee: Mr. Bronchick." Docket No. 130 at 9. And defendants' argument regarding plaintiff's lack of standing to assert claims against either Mr. Bronchick's wife or CAREI is misplaced and irrelevant because Boxer has not brought any claims against Mr. Bronchick's wife or CAREI.

For the foregoing reasons, it is

**ORDERED** that Defendants William Bronchick and Bronchick PC's motion *in limine* [Docket No. 179] is **DENIED**.

---

[1] Defendants argue that, pursuant to Colo. Rev. Stat. § 38-8-109, a claim for fraudulent transfer is properly asserted against the transferee of the asset, not the debtor. Docket No. 179 at 5, ¶ 9. Section 38-8-108, however, which describes the remedies available to a creditor for fraudulent transfer, assumes the availability of remedies against a debtor and not merely the transferee. *See* Colo. Rev. Stat. § 38-8-108(1)(c) (for recovery available for willful intent to defraud, "[n]o judgment may be entered pursuant to this paragraph . . . against a person other than the debtor unless that person also acts with wrongful intent"); *see also* Colo Rev. Stat. § 38-8-108(1)(d)(I) (providing for an injunction "against further disposition by the debtor . . . of the asset transferred or of other property").

DATED October 23, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge