IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00317-PAB-MJW

BOXER F2, L.P., a Texas limited partnership,

    Plaintiff,

v.

FLAMINGO WEST, LTD., d/b/a Legalwiz Publications,
BRONCHICK & ASSOCIATES,
WILLIAM BRONCHICK, and
BRONCHICK & ASSOCIATES, P.C.,

    Defendants.

## ORDER

This matter is before the Court on plaintiff Boxer F2, L.P.'s Motion for Partial Summary Judgment [Docket No. 95] and defendants William Bronchick and Bronchick & Associates, P.C.'s Renewed Motion for Partial Summary Judgment [Docket No. 96]. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[1]

This case arises out of an alleged breach of a lease agreement. Defendant Flamingo West, Ltd. ("Flamingo West") entered into and executed a lease agreement with RMC/Pavilion Towers in April 2003. Docket No. 95 at 2, Statement of Undisputed Material Fact ("SUMF") 1. At all relevant times, both Flamingo West and Bronchick & Associates PC ("Bronchick PC") occupied the leased premises, *id.* at 4, SUMF 12,

---

[1] The following facts are undisputed unless otherwise indicated.

though Bronchick PC states that it occupied only a small part of the space. Docket No. 105 at 3, ¶ 12. In June 2011, plaintiff replaced RMC/Pavilion Towers, LLC as Flamingo West's landlord. Docket No. 95 at 4, SUMF 13. In 2012, Flamingo West made late and partial payments to plaintiff and, after August 2012, stopped paying altogether. *Id.* at 6, SUMF 22-23. On November 2, 2012, Flamingo West vacated the leased premises. *Id.* at 6, SUMF 25. Plaintiff did not consent to Flamingo West's abandonment of the Leased Premises. *Id*. at 6, SUMF 26. Section 11.1 of the Lease Agreement provides that abandonment of the leased premises or failure to pay rent constitutes default. *Id.* at 6, SUMF 27.

Plaintiff asserts breach of contract claims against Flamingo West, Bronchick & Associates, Mr. Bronchick, and Bronchick PC as successor to Bronchick & Associates. Docket No. 65 at 10-13. Plaintiff also asserts an unjust enrichment claim against Bronchick PC and a fraudulent transfer claim against Flamingo West and Mr. Bronchick. *Id.* at 14-15. Plaintiff moves for summary judgment on its breach of contract claim against Flamingo West and its unjust enrichment claim against Bronchick PC. Docket No. 95. Mr. Bronchick and Bronchick PC filed a response to the motion, Docket No. 105, but Flamingo West has not responded.

Defendants William Bronchick and Bronchick PC move for summary judgment on plaintiff's breach of contract claims. Docket No. 96. Defendants state that one party, Flamingo West, signed the lease and successive amendments, and that Mr. Bronchick signed the lease solely in his capacity as a representative of Flamingo West. Docket No. 96 at 4. Defendants also argue that Bronchick PC cannot be liable under the Lease Agreement as a successor entity to Bronchick & Associates because

2

Bronchick & Associates is not a standalone entity but merely a trade name for Flamingo West.  Docket No. 96 at 3.

## II. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment.  *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).  Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal quotation marks omitted)).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The nonmoving party

may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115 (citation omitted). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

The Court may not grant a motion for summary judgment simply because the nonmovant has failed to respond. *See Galvin v. McCarthy*, No. 07-cv00885-PAB-BNB, 2009 WL 890717, at *2 (D. Colo. March 31, 2009) (citing *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)). The Court must apply the usual Rule 56 analysis and consider whether the moving party has met its burden. *Id.* (citing *Reed*, 312 F.3d at 1194); *see also* Fed.R.Civ.P. 56(e)(3) (providing that if the opposing party does not respond, summary judgment should be entered if "the movant is entitled to it"). The Court must "accept as true all material facts asserted and properly supported in [defendants'] summary judgment motion" and grant summary judgment if, based on those facts, the moving party is entitled to judgment as a matter of law. *Reed*, 312 F.3d at 1195.

### III. ANALYSIS

#### A. Boxer's Breach of Contract Claim Against Flamingo West

Although plaintiff pursues breach of contract claims against Flamingo West, Mr. Bronchick, Bronchick & Associates, and Bronchick PC, plaintiff seeks summary

judgment solely against Flamingo West.

To succeed on its breach of contract claim,[2] plaintiff must show there is no genuine dispute of material facts regarding (1) the existence of a binding agreement between Flamingo West and Boxer, (2) that Boxer performed its contractual obligations, (3) Flamingo West's failure to perform its obligations, and (4) damages to Boxer therefrom. *See Xtreme Coil Drilling Corp. v. Encana Oil & Gas (USA), Inc.*, 958 F. Supp. 2d 1238, 1243 (D. Colo. 2013) (citing *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)).

Regarding the first element, plaintiff attaches the April 14, 2003 lease, signed by William Bronchick on behalf of Flamingo West and R. Maurice Crowe, Jr. on behalf of plaintiff. Docket No. 95 at 2, SUMF 1. As to the second element, plaintiff asserts that it provided the leased premises that Flamingo West occupied. *Id.* at 9, ¶ 39. As to the third allegation, plaintiff asserts that Flamingo West breached the Lease Agreement by abandoning the entire premises prior to the expiration of the term of the Lease Agreement, and by failing to make rent and other payments due under the lease agreement. *Id.* at 10, ¶¶ 42, 44. Regarding its damages allegations, plaintiff claims that Flamingo West owes $2,428,625.03. *Id.* at 14, ¶ 62. This total consists of $27,873.52 for past-due rent and late fees that accrued between April 1, 2012 and

---

[2]The first and second amendments to the Lease Agreement specify that Colorado law applies. Docket No. 96-2 at 6, § 15; Docket No. 96-3 at 5, § 11. The Lease Agreement and the third and fourth amendments do not specify the applicable law. *See* Docket 96-1; Docket No. 96-4; Docket No. 96-5. The parties appear to agree that Colorado law applies to the breach of contract claims in this case. The Court will operate under the same premise. *Cf. Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption.").

October 31, 2012 (*id.* at 12, ¶ 55), $2,141,735.04 for rent, late fees, and interest thereon for the period between November 1, 2012 through April 30, 2015 (*id.* at 13, ¶ 58), $75,664.00 for rent payments due between May 1, 2015 and September 30, 2016 (*Id*. at 13, ¶ 59), $183,351.30 in costs to repair the Leased Premises. *Id*. at 13, ¶ 61. The damages figure of $2,428,625.03 provided by plaintiff has been reduced by plaintiff's damage mitigation resulting from new tenants occupying the Leased Premises. Docket No. 95 at 15. Plaintiff supports the above calculations with citations to the report presented by its expert, Mr. Robert Aucone. Flamingo West, by virtue of not responding to plaintiff's summary judgment motion, does not contest any of these facts.

Viewed in the light most favorable to Flamingo West, the undisputed facts are sufficient to establish all the elements of Boxer's breach of contract claim against Flamingo West.

### B. Plaintiff's Unjust Enrichment Claim Against Bronchick PC

In order to succeed on its unjust enrichment claim, Boxer must show there is no genuine dispute of material fact that: (1) Boxer conferred a benefit to Bronchick PC; (2) Bronchick PC accepted the benefit; and (3) it would be inequitable under the circumstances for Bronchick PC to retain the benefit. *See Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp 3d 1224, 1260 (D. Colo. 2014) (citing *Dass v. Epplen*, 162 Colo. 60, 78 (Colo. 1967)).

Since plaintiff has reserved its right to claim that one or more of the other defendants were parties to and liable under the 2003 Lease, *see* Docket No. 95 at 2

n.1, it does not appear that plaintiff predicates its motion on alter ego theories. It is undisputed that Bronchick PC did not sign the April 14, 2003 lease. Moreover, in its reply, plaintiff admits that whether Bronchick PC is a party to the Lease Agreement constitutes a genuine issue of material fact "that currently precludes the entry of summary judgment against Bronchick PC on [p]laintiff's unjust enrichment claim." Docket No. 113 at 7, ¶ 6. Accordingly, summary judgment is improper on plaintiff's unjust enrichment claim against Bronchick P.C.

### C. William Bronchick and Bronchick PC's Motion for Summary Judgment

Defendants William Bronchick and Bronchick PC move for summary judgment on Boxer's breach of contract claims. Defendants allege that only one party, Flamingo West, signed the lease, and that because Mr. Bronchick signed the lease solely in a representative capacity, he cannot be liable. Docket No. 96 at 6. Defendants argue that Bronchick PC cannot be liable under the Lease Agreement as a successor entity. *Id*. at 9. Defendants argue that the third and fourth amendments to the Lease Agreement list Flamingo West alone as tenant and that the Lease makes no mention of either William Bronchick or Bronchick & Associates. *Id.* at 8. As such, defendants argue that neither Mr. Bronchick nor Bronchick & Associates can be held liable because they did not sign the extension agreement to the lease. *Id*.

However, since Mr. Bronchick and Bronchick PC filed their motion on March 20, 2015, certain facts have been established as findings by the Court. Boxer moved for sanctions against all defendants on March 2, 2015. Docket No. 89. The magistrate judge granted Boxer's motion. *See* Docket No. 130. As the appropriate sanction, the

magistrate judge entered findings of fact as to certain of plaintiff's alter ego allegations. *Id.* at 8-9; *see* Fed. R. Civ. P. 37(b)(2)(A)(I) (authorizing sanctions "directing that the matters embraced in the . . . designated facts be taken as established for purposes of the action, as the prevailing party claims[.]"). The Court overruled defendants' objections to the magistrate judge's order. Docket No. 185.

The magistrate judge's sanction order established as fact, among other things, that Mr. Bronchick is the sole owner, operator, officer, and shareholder of Flamingo West, that Flamingo West operated as Bronchick & Associates, and that Flamingo West has made transfers to Mr. Bronchick with the intent to defraud. Docket No. 130 at 9, ¶¶ 3.a, 3.c. The order also established that Bronchick PC acquired the assets and the liabilities of Bronchick & Associates, which resulted in a merger or consolidation of the two entities, and that Bronchick PC is a mere continuation of Bronchick & Associates. *Id.* at 9, ¶ 3.b; *see id.* at 9, ¶ 3.a.

The magistrate judge's explicit finding that Bronchick PC assumed the liabilities of Bronchick & Associates obviates the material factual issue of Bronchick & Associates' liability under the Lease Agreement and that Bronchick PC would have assumed any such liability. Mr. Bronchick and Bronchick PC's motion is inconsistent with the magistrate judge's order and thus is denied.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendants William Bronchick and Bronchick & Associates, P.C.'s renewed motion for partial summary judgment [Docket No. 96] is **DENIED**. It is

further

**ORDERED** that plaintiff Boxer F2, L.P.'s motion for partial summary judgment [Docket No. 95] is **GRANTED** in part as against Flamingo West and **DENIED** as against Bronchick & Associates, P.C.

DATED October 23, 2015.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge